### BRADY v. BAY STATE GAS CO.

(Circuit Court, D. New Jersey. February 7, 1901.)

RECEIVER—GROUNDS FOR APPOINTMENT—DENIAL OF ALLEGATIONS OF BILL.

A court will not appoint a receiver for a corporation on a preliminary application by a bondholder, where all charges of fraud and mismanagement, and all allegations which would authorize the appointment, are denied, but will postpone action until a hearing on the evidence.

In Equity. On rule for appointment of receiver.

W. Burke Cockran, for the motion.

Fred W. Whitridge and James B. Vredenburgh, opposed.

KIRKPATRICK, District Judge. The complainant in this cause is the holder of 10 bonds of the defendant corporation, known as "Boston United Gas Bonds, Second Series." The bill of complaint sets forth that the defendant company, being desirous of purchasing the stocks of various of the Boston gas companies, and in order to procure the funds wherewith to pay for the same, issued its bonds to the amount of upward of $12,000,000, $4,000,000 of which are known as "Second Series," and are inferior in lien to the remainder, which are known as "First Series." To secure the payment of these bonds, the defendant company caused to be transferred to the Mercantile Trust Company of New York, as trustee, all of the stocks of the said Boston gas companies so acquired, and entered into an agreement with said trustee in which it was, among other things, provided that the said trustee should receive all the dividends which might be paid in said stocks, and apply the same, first, to the payment of the trustee's compensation and expenses, next to the payment of taxes, and then to the payment of the interest on the bonds of the defendant corporation, and afterwards pay $70,000 each year to a sinking fund for the redemption of said bonds. The defendant company, in said agreement, expressly reserved the right to designate the persons for whom the said Mercantile Trust Company should vote as directors of said Boston gas companies, and it was entitled to receive any surplus which might remain in the hands of the trustee after making the payments aforesaid. The defendant company agreed to make good any deficiency there might be in the dividends of said Boston gas companies to meet the payments required to be made by said trustee. It also appears that afterwards, for a valuable consideration, and the assumption of its obligations to the trustee under said agreement and trust deed, the defendant company transferred to the Bay State Gas Company of Delaware all of its right to receive the said excess of dividends in the stocks of the Boston companies held by said trustee. The defendant company, as appears from the bill of complaint, has never been actively engaged in the conduct of any business, and its only assets at this time are the right to designate the persons for whom the Mercantile Trust Company shall, as the holder of the stocks of said Boston gas companies, vote as directors of said companies, respectively, and the right to demand from the Bay State Gas Company of Delaware indemnity for any loss incurred by reason of the in-

sufficiency of the dividends of the Boston gas companies to meet the obligations which were guarantied by the defendant company. Not conducting any business, the defendant company has no debt or liability except the said bonds and the obligations arising out of said trust deed.

The court is asked to appoint a receiver for the defendant company on the ground of its insolvency, the allegation being that the company had defaulted in the payment of the annual sinking fund of $70,000 provided for in the trust deed. It appears from one of the answering affidavits made in behalf of the Mercantile Trust Company, the trustee, by its vice president, that the said money has been paid by or on behalf of the defendant company, and applied to the sinking fund, as provided in the trust deed. It is also alleged in said bill of complaint that, contrary to the provisions of the trust deed, floating debts have been created by the said Boston companies, which have impaired the security of complainant's bonds; and that land belonging to said Boston companies has been sold, the proceeds of which have not been applied as provided, and that said misappropriation works an injury to the bondholders, of whom the complainant is one. Both of these charges are denied or explained in the answering affidavits, but, if true, afford no ground for the appointment of a receiver for the defendant company at this time in this proceeding. The covenant in the trust deed relating to the application of the proceeds of sale of lands not required for the full and faithful performance of the corporate duties of the Boston companies is one made on behalf of the trustee, whose consent to such sale shall be necessary, and provides that it may give such consent upon certain conditions expressed in said trust deed. If the trustee has failed to perform this covenant, and the complainant has been damaged thereby, his remedy is not against the defendant company; nor can I see how the appointment of a receiver for it will aid the complainant in obtaining any indemnity to which he may be entitled. It is also charged that the affairs of the Boston companies have been fraudulently mismanaged by their officers, who have been nominated by the defendant company. These charges are specifically denied under oath. Under these circumstances the court cannot accept the allegations of the complainant's bill, though verified by affidavit, as proof. It may be that, when the bill comes to final hearing, testimony can be laid before the court that will justify it in reaching the conclusion for which the complainant contends. One of the charges of fraudulent mismanagement consists of the making of a contract with the New England Gas & Coke Company, which is said to be most injurious to the interests of the Boston companies. The answering affidavits specifically deny this allegation, and insist that the contract is most beneficial for said companies. This is a question which the court cannot decide upon affidavits on a preliminary hearing. Its determination must be deferred until the proofs have been submitted under the rules. If the court should accept as proved all the allegations of fraud and mismanagement set out in the bill, it might be justified in appointing a receiver to preserve the property pledged for the payment of complainant's bonds, and when the case comes to final hearing the court

may conclude that the interests of the complainant require the court's protection; but the court will not act until the defendant has had an opportunity to answer all the charges of fraud and mismanagement, and bring such proofs in support of their answer as it may be able.

The answering affidavits allege, and the complainant in his bill does not assert the contrary, that there are not any unsecured individual creditors of the defendant company who will or can assert rights or seek remedies in different courts, which will injuriously affect the title to the property of defendant company, or divert it from the purposes to which it is pledged. Owing to the nature of the assets of the defendant company, it is not probable nor possible that they can be dissipated during the pendency of this suit.

It is suggested by counsel that the receiver might make inquiry into the condition of the Boston companies, and report his conclusions to the court; that the receiver can, through his ability to nominate directors of said Boston companies, manage said companies under the direction of the court. But the court cannot give directions as to the management of the companies until advised by proper proofs of the situation of affairs. To take away the management of these Boston companies from those legally entitled thereto, the court requires proof which is something more than allegations supported by affidavit and denied under oath. It is also urged by counsel that no harm can come from a receiver's appointment, and that, if it hereafter be found that the fraud charged be absent, the court can discharge the receiver, and dismiss the bill. Such a course would be a reversal of the proper order of proceeding. First, there should be proof of fraud, proof of the necessity of intervention on the part of the court, and then a receiver, if that be the proper remedy for the evil complained of. As the case is presented now, the rule to show cause should be discharged, and the order heretofore made appointing a receiver vacated.